UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | |
| Plaintiff, | Civil No. 20-cv-1002 (JRT/TNL) |
| v. | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR FILING RESTRICTIONS |
| JODI HARPSTEAD, ET AL., | |
| Defendants. | |

---

Joseph Anthony Favors, Saint Peter Regional Treatment Center, 100 Freeman Drive, Saint Peter, Minnesota, 56082, *pro se* plaintiff.

Drew Bredeson, Scott H. Ikeda, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1400, Saint Paul, Minnesota, 55101, for defendants.

Plaintiff Joseph Anthony Favors is no stranger to the District of Minnesota. This action consolidated four separate lawsuits, all filed by Favors, involving common questions of law or fact. In the consolidated amended complaint Favors alleges that Defendants, who are various individuals employed by the Minnesota Sex Offender Program ("MSOP"), violated his constitutional rights and Minnesota state law because they failed to transfer him to the Community Preparation Services ("CPS") or grant his provisional discharge request. Even after repeated warnings, Favors has yet again refused to comply with the requirements of Rule 8(2)(a), a rule that has been carefully explained to him. As such, the Court will grant Defendants' motion and dismiss Favors's complaint with prejudice. Because the Court is dismissing Favors's complaint with prejudice and

1

only one lawsuit against MSOP staff remains, the Court will deny Defendants' motion for filing restrictions without prejudice.  The Court, however, has set forth several requirements Favors must meet when filing a future lawsuit otherwise he risks dismissal and filing restrictions.

## BACKGROUND

### I.  FACTUAL BACKGROUND

Favors is a client of MSOP and has been a client since he was civilly committed in March 2009.  (Am. Compl. at 4, Feb. 5, 2021, Docket No. 14.)  According to Favors, the Dakota County District Court in their decision to civilly commit him stated that he had "manifested a 'sexual, personality or mental disorder'" that caused him to "lack[] adequate control over his sexually harmful behavior."  (*Id.* at 17.)

Under MSOP policy, a client may file a petition requesting a "reduction in custody" meaning a "transfer out of a secure facility (e.g., a transfer from MSOP Moose Lake or MSOP St. Peter to CPS), a provisional discharge, or a discharge from commitment." (Minn. Dep't of Human Services, *Reduction in Custody/Special Review Board, MSOP Policy No. 215-5060* (Mar. 9, 2021), *available at* https://mn.gov/dhs/assets/reduction-in-custody-special-review-board-215-5060_tcm1053-277275.pdf.)[1]  CPS is an MSOP program which provides clients with greater

---

[1] The Court will take judicial notice of the facts laid out in the MSOP policy for the limited purpose of understanding the background of Favors's claims under Federal Rule of Evidence 201(b).  Rule 201(b) allows a court to take judicial notice of facts "not subject to reasonable

personal freedoms. MSOP's Special Review Board ("SRB") reviews each petition and, after a hearing, provides a recommendation to the Minnesota Department of Human Services as to whether the client should receive a reduction in custody. (*Id.* at 1–3, 8.)

Favors petitioned for a reduction in custody twice. In 2016, the SRB recommended Favors be transferred to CPS. (Am. Compl. at 5.) MSOP authorities did not transfer Favors, claiming that CPS overcrowding and lack of funding prevented the transfer. (*Id.* at 11.) In 2019, Favors had still not been transferred to CPS, so he filed another petition with the SRB for a provisional discharge and/or full discharge. (*Id.* at 8–9.) SRB denied this request but again granted Favors petition to be transferred to CPS, stating that Favors would benefit from the "reintegration opportunities" available there. (*Id.* at 5.) MSOP then transferred Favors to CPS sometime in 2019. (*Id.* at 5, 8.)

## II. PROCEDURAL BACKGROUND

### A. Reduction in Custody Lawsuits

Favors alleges various individuals at MSOP violated Favors's constitutional rights and Minnesota state laws through conduct related to (1) approval of his transfer to CPS; and (2) denial of his request for a provisional discharge. (*Id.* at 6–56.)

Favors makes three distinct arguments. First, Favors contends that the long delay in transferring him to CPS and failure to provide reintegration opportunities shows

---

dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

deliberate indifference by MSOP staff.  (*Id.* at 7–21.)  Second, Favors argues that after his successful petition for transfer in 2016, MSOP staff continued to place him in bodily restraints, and because CPS does not use bodily restraints, the use of them on him violated his constitutional rights as well as state law.  (*Id.* at 21–32.)  Third, Favors focuses on the 2019 provisional-discharge plan, claiming that the denial of this request violated his constitutional rights, and that MSOP officials had a responsibility to help him find a specific placement location for discharge but failed to do so.  (*Id.* at 32–45.)

Favors detailed these allegations in three separate complaints, all filed over a two-week period in April 2020.  (*See* Civil Nos. 20-cv-1002; 20-cv-0932; 20-cv-0939.)  Because the complaints involved common questions of law and fact, the Magistrate Judge instructed Favors to consolidate.  (Order, August 28, 2020, Docket No. 6.)  In his order, the Magistrate Judge noted Favors's difficulties in meeting the requirements of Rule 8.  (*Id.* at 6.)  To ensure compliance, the Magistrate Judge instructed Favors that the amended complaint must: (1) be an entirely new pleading; (2) include a complete and coherent description of all historical facts on which the lawsuit is based; (3) clearly identify each individual defendant that Favors intends to sue, describe their unlawful conduct, and explain how that action violated Favors's rights; and (4)  identify the specific defendants against whom Favors intends to bring each cause of action, the specific factual

allegations that support that cause of action, and what relief he seeks. (*Id.* at 7.) Favors filed a consolidated amended complaint on February 5, 2021.[2]

### B. Favors's Filing Practice

Favors frequently files lawsuits against MSOP and its staff. In 2021 alone, Favors has filed twenty-one new lawsuits and accounted for more than one percent of new civil lawsuits filed in the District of Minnesota in the first five months of this year.[3] Not all of Favors's lawsuits relate to conditions at MSOP, but many do. The lawsuits filed against MSOP follow two different models: the first arises out of allegedly unlawful retaliation against him for filing grievances related to his unreciprocated attraction to a peer client, and the second stems from Favors's requests for reduction in custody at MSOP. Favors typically sues many of the same individual defendants, all MSOP employees.

---

[2] Upon recommendation from the Magistrate Judge, Favors also consolidated the claims from 19-cv-2094 which overlap significantly with the claims here.

[3] *Favors v. Internal Revenue Service*, 21-cv-0359 (PJS/TNL) (filed Feb. 5, 2021); *Favors v. Tallefson, et al.*, 21-cv-0395 (NEB/DTS) (filed Feb. 10, 2021); *Favors v. Nicollet County District Court*, 21-cv-00439 (ECT/ECW) (filed Feb. 18, 2021); *Favors v. Experian*, 21-cv-00460 (DWF/TNL) (filed Feb. 19, 2021); *Favors v. Comenity Capital Bank*, 21-cv-0625 (ECT/ECW) (filed Mar. 3, 2021); *Favors v. American Music Supply*, 21-cv-0647 (WMW/LIB) (filed Mar. 5, 2021); *Favors v. Chase Bank USA, N.A., et al.*, 21-cv-0650 (SRN/TNL) (filed Mar. 5, 2021); *Favors v. Magnuson*, 21-cv-726 (LPR) (filed Mar. 17, 2021); *Favors v. Sanders, et al.*, 21-cv-0848 (LPR) (filed Mar. 26, 2021); *Favors v. First Premier Bank*, 21-cv-0935 (WMW/LIB) (filed Apr. 6, 2021); *Favors v. Stoesz, et al.*, 21-cv-1002 (JRT/HB) (filed Apr. 15, 2021); *Favors v. Sunmark Products by McKesson*, 21-cv-1102 (WMW/KMM) (filed Apr. 28, 2021); *Favors v. Johnston, et al.*, 21-cv-1103 (PAM/LIB) (filed Apr. 28, 2021); *Favors v. Mike, et al.*, 21-cv-1179 (NEB/LIB) (filed May 7, 2021); *Favors v. Magnuson* (LPR), 21-cv-1366 (filed June 9, 2021); *Favors v. Stoesz, et al.*, 21-cv-1381 (JRT/LIB) (filed June 10, 2021); *Favors v. Merrick Bank*, 21-cv-1447 (PJS/DTS) (filed June 18, 2021); *Favors v. Synchrony Capital Bank, et al.*, 21-cv-1495 (ECT/HB) (filed June 24, 2021); *Favors v. Commissioner of the I.R.S.*, 21-mc-0048 (JRT) (filed July 8, 2021); *Favors v. Commissioner of the I.R.S.*, 21-mc-0050 (JRT) (filed July 14, 2021); *Favors v. Web Bank*, 21-mc-0052-JRT (filed July 21, 2021).

Favors has filed a total of nine retaliation related lawsuits and four reduction in custody lawsuits. The reduction in custody lawsuits have been consolidated into this one action. A majority of these short-lived lawsuits follow similar storylines: Favors files the lawsuit, the parties file a motion to dismiss or the court asks for additional briefing, and rather than respond, Favors voluntarily dismisses his lawsuit. But this is not always the case. In some lawsuits, Favors has filed several amended complaints, extraneous documents, and unprompted motions, clogging up the docket before the lawsuit is eventually dismissed. (*See, e.g.*, *Favors v. Mike et al.*, 20-cv-365 (Jan. 27, 2020) (containing a total of ninety-two docket entries before it was dismissed by the court).) Currently, only this lawsuit and one of the nine retaliation cases is active.

In light of Favors's filing practices, Defendants previously have asked the Court to place filing restrictions on Favors. The court denied the first motion without prejudice in Civil No. 20-cv-365 because it granted Defendants' motion to dismiss. Here, Defendants have filed a Motion to Dismiss Favors's complaint and have renewed their request to place filing restrictions on him. (Defs.' Mot. to Dismiss, April 29, 2021, Docket No. 25; Defs.' Mot. to Place Filing Restrictions on Plf., Aug. 3, 2021, Docket No. 37.)

## DISCUSSION

### I.   DEFENDANTS' MOTION TO DISMISS

#### A.  STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "'claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *See Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). When considering a motion to dismiss, pleadings submitted by pro se litigants are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

### B. ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing & Redev. Autho.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016).

Favors is quite familiar with the requirements of Rule 8. He has struggled in the past to comply with the Rule, and the Court has explained to him several times how to amend his complaints accordingly. *See, e.g.*, *Favors v. Lourey, et al.*, Civil No. 19-cv-2094 (JRT/TNL), 2021 WL 6106151, at *1–3 (D. Minn. Mar. 2, 2020). Even after repeated warnings, Favors has continued to file pleadings that miss the mark. *See, e.g.*, *id.* at *3 (listing two other cases dismissed under Rule 8 and recommending dismissal of Favors's complaint in that particular action as well based on failure to conform to the requirements of the Rule); *Favors v. Mike, et al.*, Civil No. 21-cv-1179 (NEB/LIB), Order, June 3, 2021, Docket No. 3 (noting that Favors's complaint does not comply with Rule 8(2)(a) and requiring Favors file an amended complaint).

Arguably, even if Favors was still uncertain of the requirements of Rule 8, the Magistrate Judge gave him detailed instructions for filing the consolidated amended complaint to ensure compliance. Favors still, despite all this guidance, failed to meet the specifications of Rule 8 in the pleading he filed. The complaint spans fifty-six pages single-spaced and contains ninety footnotes. As Judge Brasel aptly put it in a separate lawsuit of Favors, the complaint "meanders between factual allegations, legal causes of action, quotations from case law, commentary on facility policy, and much else, with seemingly no organizing principle." *Favors v. Mike, et al.*, Civil No. 21-cv-1179 (NEB/LIB), Order at 2.

All Favors needed to do in his complaint was to explain why the Court has jurisdiction, what he believes has happened to him, who committed those wrongs, and

why he is entitled to relief.  A task made easier by the Magistrate Judge's clear instructions on how to comply with Rule 8, as well as a succinct summary of each of Favors's alleged causes of action.  While true that Favors was required to consolidate four separate lawsuits, his allegations are not particularly complicated, as evidenced by the Magistrate Judge's three paragraph summary.  Favors's complaint remains needlessly complex, unorganized, and perplexing.

Because Favors is a pro se litigant, the Court would normally recommend that he receive another opportunity to amend his complaint before the matter be dismissed.  The Court will not do so here for two reasons.  First, the consolidated amended complaint stems from four separate lawsuits.  Favors was already given an opportunity to cure the deficiencies in those complaints when asked to file this consolidated amended complaint, and the Court made clear how he could do so.  The Court will not reward his "repeated failure to cure deficiencies" by giving him yet another opportunity to file an amended complaint.  *Shukh v. Seagate Tech., LLC*, 873 F. Supp. 2d 1087, 1093 (D. Minn. 2012).  Second, Favors has demonstrated an inability or an unwillingness to comply with Rule 8 after detailed guidance and repeated chances.  He was warned in this very action that failure to comply with Rule 8 will result in a dismissal with prejudice.  Favors failed to

follow the step-by-step instructions given to him, and the Court will therefore grant Defendants' motion and dismiss the complaint with prejudice.[4]

## II.   DEFENDANTS' MOTION TO PLACE FILING RESTRICTIONS ON FAVORS

"[T]here is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). And indeed, "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." *Id.* at 1293. Because "[f]rivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims," the Court "may, in its discretion, place reasonable restrictions on any litigant who

---

[4] The Court also notes that Favors's consolidated amended complaint fails because Defendants are protected by both the Eleventh Amendment in their official capacity and qualified immunity in their individual capacity. The court in *Favors v. Ensz*, 20-cv-1378, dismissed Favors's complaint against the State of Minnesota and the defendants in that action, all various MSOP employees, under the Eleventh Amendment because there was no indication that Eleventh Amendment immunity had been waived. *Favors v. Ensz*, Civil No. 20-cv-1378, 2021 WL 3293539, at *2–3 (D. Minn. Aug. 2, 2021). The court held that the claims against defendants in their individual capacity was barred by qualified immunity because the defendants did not violate a right that was clearly established at the time of misconduct. *Id.* at *3. This analysis applies equally here as well. The Defendants are MSOP employees. Favors's claims against the State of Minnesota and the Defendants in their official capacity are barred by the Eleventh Amendment because there is no evidence Eleventh Amendment immunity has been waived. Further, Favors's claims against the Defendants in their individual capacity are barred by qualified immunity because Favors has not identified, nor has the Court found, any case law regarding the violations alleged herein that would put "any reasonable official in the defendant's shoes" on notice that they were violating those rights. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018). The Court, in its discretion, will not exercise supplemental jurisdiction over any remaining state law claims. *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005) (stating that district courts have discretion under 28 U.S.C. § 1367(c) to dismiss any supplemental state law claims when all federal claims have been dismissed).

files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1292–93.

There has not been one lawsuit filed by Favors against MSOP employees that has proved meritorious. The Court recognizes the burden these lawsuits have placed on Defendants and the strain that Favors's conduct places on the time and resources of the Defendants. Given, however, that the Court is dismissing this action with prejudice, only one lawsuit against MSOP employees remains, *Favors v. Menard, et al.*, 21-cv-56 (DMN). As Favors is pro se, the Court is hesitant to place filing restrictions on him at this time. This does not mean the Court will not consider a similar motion in the future if Favors does not conform to the Court's requests.

Favors is instructed that in any future lawsuits he must:

(1) Ensure his complaint complies with all Federal Rules of Civil Procedure, especially Rule 8(2)(a);

(2) Explain, either in his complaint or a separate memorandum, how the claims in the proceeding differ from prior lawsuits he has filed and why the claims were not raised in an earlier proceeding; and

(3) If he wishes to proceed *in forma pauperis*, submit documentation of his facility trust account and checking and savings account that is in no way altered or abridged, and which includes information regarding all transactions related to these accounts.

Given the repeated chances Favors has been given and his extensive experience in this District, Favors is on notice that if he fails to follow the above requirements in future litigation the Court will consider dismissing the action *sua sponte.*

Favors should consider himself on notice that any further malicious or frivolous lawsuits may result in the Court restricting his filing status such that he would no longer be allowed to file new lawsuits unless he was represented by counsel or received approval from a judicial officer in this District Court.

Therefore, the Court will deny Defendants' Motion to Place Filing Restrictions on Favors, but will consider such a motion in future cases if necessary.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Docket No. 25] is **GRANTED** and Favors's Complaint [Docket No. 14] is **DISMISSED WITH PREJUDICE.**

2. Defendants' Motion to Place Filing Restrictions on Plaintiff [Docket No. 37] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 5, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Judge